[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, acting pro se, has filed three identical motions on June 19, 1991 in this case and in the case of Peter R. Johl, et al, v. Town of Groton, el al, Docket No. 046815:
"Motion to vacate Discontinuance (sic) arising from filing of the Petition for removal to Federal Court"
"Motion for Change of Party Status for John H. Johl and Janet P. Johl Weissman" and
"Motion for Disqualification of Goldstein and Peck, P.C. as counsel for John H. Johl and Janet P. Johl Weissman".
The plaintiff appeared to argue the motions at the short calendar.
Since the above two cases are interrelated this memorandum will treat the plaintiff's motions together.
Docket No. 046815 was a condemnation action begun in 1975; judgment increasing the condemnation price was entered in 1976, and appealed by this plaintiff to the Connecticut Supreme Court. His brother and sister, also plaintiffs in the action, opposed the appeal, and successfully moved to dismiss it. The plaintiff moved the Supreme Court to reargue; this was denied in 1978. At this juncture, the action was concluded in the state court.
The plaintiff then began filing what can only be described as a plethora of motions, pleadings and petitions to the Superior Court, appeals to the Connecticut Supreme Court, actions in the United States District, Court, appeals to the Second Circuit and a petition for certiorari to the United States Supreme Court, all of which were decided adversely to him. Therefore, there is nothing now pending in Docket No. 046815, and the case is closed. The court therefore does not have subject matter jurisdiction over the plaintiff's motions and they are therefore dismissed. The clerk is ordered to accept no further pleadings, motions or papers concerning Docket No. 046815.
Plaintiff on December 22, 1981, commenced a new action, Docket No. 067886, entitled "Petition to set aside verdict/judgment and order new trial, vacation (sic) of certificate of taking and consolidation of related actions thereto". He named his brother and sister as plaintiffs, but never served them, or had them joined or cited as parties. As the Connecticut Supreme Court dismissed Docket No 046815 on CT Page 7307 February 16, 1978, and denied plaintiff's motion for reargument on April 4, 1978, plaintiff's petition, if viewed as a petition for a new trial pursuant to General Statutes section 52-270
must have been commenced no later than September 13, 1979, as September 13, 1976 was the date judgment was entered in the trial court; see General Statutes section 52-582.
The plaintiff had previously moved for a new trial in Docket No. 046815 in 1981. This was denied (Thim, State Trial Referee) by memorandum of decision dated October 15, 1981. Even if this court holds that that judgment became final on April 4, 1978 when the Supreme Court denied his Motion to reargue the dismissal of his appeal, then the present petition was filed too late and is barred by Statute of Limitations. Moreover, it seems to be merely an attempt to relitigate issues which were thoroughly litigated in the previous proceeding (Docket No. 046815).[1]
The plaintiff has not only already had his day in court, but as Judge Clarie has so aptly stated, ". . .the plaintiff has had years in court." Johl v. Johl, et al, U.S.D.C. (DC Connecticut), No. H-79-327, Ruling on Judgment on the Pleadings, note 11. (2/23/81).
In Docket No. 067886, the plaintiff's motions to change party status of John H. Johl and Janet P. Weissman and to disqualify Goldstein and Peck, P.C., are simply inappropriate as these individuals are not parties in this case, nor has Goldstein and Peck, P.C., appeared herein for any party. The plaintiff's motion to vacate discontinuance (sic) is also inapplicable, as this case (No. 067886) has not been "discontinued". It has simply languished on the clerk's docket from 1981 until the present time, as the plaintiff did nothing to prosecute the matter after his petition for removal to the federal court was dismissed for lack of prosecution, and the case somehow evaded the dormancy lists.
Accordingly, the plaintiff's motions in Docket No. 067886 are therefore also dismissed, and the case is ordered placed on the short calendar for hearing to determine whether it should be dismissed pursuant to P.B. section 251.
TELLER, J.